IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Darrell L. Goss, Sr.,                    )
                                         )
                    Petitioner,          )
                                         )         Civil Action No. 2:22-103-BHH
v.                                       )
                                         )                    **ORDER**
Warden Shane D. Jackson,                 )
                                         )
                    Respondent.          )
_____ )

This matter is before the Court on Petitioner Darrell L. Goss, Sr.'s ("Petitioner" or "Goss") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 1, 2023, Warden Shane D. Jackson ("Respondent" or "Jackson") filed a motion for summary judgment. (ECF No. 49.) Petitioner filed a cross-motion for summary judgment as well as a motion to strike and a motion in limine. (ECF Nos. 55, 63, and 65.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matters were referred to a United States Magistrate Judge for initial review.

On August 9, 2023, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment and deny Petitioner's cross-motion for summary judgment. The Magistrate Judge also denied Petitioner's motion to strike and motion in limine. (*See* ECF No. 71.)

Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. On August 29, 2023, Goss filed objections to the Report. (ECF No. 75.) Goss also filed a second motion to strike on August 14, 2023. (ECF No. 73.)

For the following reasons, the Court overrules Petitioner's objections; the Court adopts the Magistrate Judge's Report, thereby granting Respondent's motion for summary judgment and denying Goss's cross-motion for summary judgment; and the Court denies Petitioner's  second motion to strike.

## BACKGROUND

In September of 2007, the Charleston County Grand Jury indicted Goss for armed robbery, assault and battery with intent to kill ("ABWIK"), and kidnapping in connection with an incident that occurred on June 14, 2007, when five men robbed the Urban Wear clothing store in North Charleston, South Carolina.  Goss and another individual, Joy Mack ("Mack"), were tried together before the Honorable J.C. Nicholson in February of 2009. Goss was represented at trial by attorney James Smiley.  The jury convicted Goss as charged, and Judge Nicholson sentenced him to 20 years' imprisonment for each offense, to run concurrently.  (ECF No. 48-3 at 45-46 and 55-56.)

Goss filed a direct appeal, presenting the following issues:

I.      Whether the trial court erred in overruling defense counsel's objection
        to the solicitor's burden shifting closing argument?

II.     Whether the trial court erred in refusing to allow defense counsel to
        impeach the victim with a pending charge of counterfeiting goods?

(ECF No. 48-3 at 69.)  The South Carolina Court of Appeals affirmed the convictions and sentence on May 17, 2011. *State v. Goss*, No. 2011-UP-214 (S.C. Ct. App. May 17, 2011). (ECF No. 48-3 at 91-92.)

Thereafter, Goss filed a pro se petition for post-conviction relief ("PCR"), alleging trial counsel was ineffective for failing to: present an alibi defense, properly investigate the case, present reliable and credible rebuttal witnesses, and provide Goss with discovery material.

2

(ECF No. 48-3 at 93-98, 102-09.)  The Honorable Deadra L. Jefferson conducted an evidentiary hearing and heard testimony from Goss and his trial counsel.  (*Id.* at 123-90.) Goss testified as to how each of his potential alibi witnesses would have testified at trial, and those witnesses were present in the courtroom during the PCR hearing and submitted affidavits, which were entered into evidence.  (*Id.* at 143-44.)  Instead of hearing testimony from the alibi witnesses themselves, Judge Jefferson took judicial notice that each of them, if they had been called at trial, would have testified that Goss was at a baby shower during the robbery.  (*Id.* at 145.)  Judge Jefferson ultimately denied the PCR application on November 23, 2011.  (*Id.* at 191-92.)

Goss appealed Judge Jefferson's decision, and the Court of Appeals affirmed.  (ECF No. 48-4.)  Goss filed a petition for rehearing, which was denied, and Goss appealed the Court of Appeals' decision.  The Supreme Court granted Goss a writ of certiorari on October 19, 2017, and remanded the matter for a de novo PCR hearing, finding that Judge Jefferson erred by taking judicial notice of the content of the alibi witnesses' testimony and by concluding that those witnesses would not have been credible to a jury.  (ECF No. 48-9 at 6.)

Before returning to circuit court for his second PCR hearing, Goss unsuccessfully sought relief from this Court and the Fourth Circuit Court of Appeals.  *See Goss v. Williams*, No. 2:18-2938-BHH (D.S.C.); *Goss v. Williams*, No. 20-6181 (4th Cir. 2020); *Goss v. Kendall*, No. 2:20-4133-BHH (D.S.C.); and *Goss v. Kendall*, No. 21-6819 (4th Cir. 2021).

On December 8, 2021, the Honorable Jennifer B. McCoy held a second, de novo PCR hearing.  (ECF No. 48-10.)  Judge McCoy granted Petitioner's motion to relieve his

counsel and allowed Petitioner to proceed pro se.  (ECF No. 48-10 at 2-11.)  Thereafter, Judge McCoy denied and dismissed the PCR application on June 14, 2022.  (ECF No. 48-11.)

Goss filed a pro se notice of appeal to the South Carolina Supreme Court, along with a motion to proceed pro se and to expedite review.  (ECF No. 48-12.)  The court denied both motions.  (ECF No. 48-13.)  Goss moved for reconsideration of his motion to proceed pro se but was informed that the court did not entertain requests for rehearing on non-dispositive matters.  (ECF No. 48-14.)  Goss then attempted to file a pro se notice of appeal.  (ECF No. 48-15.)  The South Carolina Supreme Court dismissed his appeal based on his failure "to submit the name of an attorney or provide[] proof that he has filled out and submitted an affidavit of indigency with the Division of Appellate Defense" as the court had instructed him to do in a letter dated September 19, 2022.  (ECF No. 48-16.)  The matter was remitted to the lower court on November 9, 2022.  (ECF No. 48-17.)

Goss filed a petition for writ of habeas corpus in this matter on January 12, 2022, prior to the conclusion of his PCR proceedings.  (ECF No. 1.)  The Magistrate Judge initially recommended that the Court summarily dismiss the petition.  (ECF No. 5.)  After the South Carolina Supreme Court dismissed his appeal, Goss moved this Court to reconsider and filed another habeas action, which was docketed as a separate action.  (*See Goss v. Warden*, No. 2:22-cv-4048-BHH-MGB, ECF No. 1.)  The Court consolidated the two actions into this case and instructed that both petitions be considered a single pleading.  (ECF No. 24.)

Thereafter, Goss filed an amended petition, which is the controlling petition in this action.  (ECF No. 27.)  In his amended petition, Goss asserts the following grounds for

4

relief, quoted verbatim:

**Ground One:**    Ineffective Assistance of Counsel

*Supporting Facts:*    Trial counsel was ineffective for his improper argument during the directed verdict stage, where he conceded to Petitioner's case being submitted to the jury under the "hand of one, hand of all" theory [of accomplice liability] despite the State's failure to produce "any evidence" of a prior plan or scheme, or, of Petitioner's participation in the crime, which are essential elements of the criminal offense charged.

**Ground Two:**    Ineffective Assistance of Counsel

*Supporting Facts:*    Trial counsel was ineffective for failing to object to the "hand of one, hand of all" jury charge where there was "no evidence" in the record to support the charge. Additionally, the charge did not mention a prior plan or scheme; nor did it include instructions on mere presence.

**Ground Three:**    Unfair Trial/Due Process Violation

*Supporting Facts*:    The State failed to present "any evidence" or "sufficient evidence" of Petitioner's guilt [under the hand of one, hand of all theory] beyond a reasonable doubt.

(ECF No. 27 at 5, 7, and 8.)

## <u>STANDARDS OF REVIEW</u>

### I.    Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party.  *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## II.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.   The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## <u>DISCUSSION</u>

## I.    Habeas Corpus Relief

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*,

134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas

corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, the Supreme Court explained that § 2254(d)(1)'s "contrary to"

and "unreasonable application" clauses have independent meaning.  529 U.S. 362, 404-05

(2000).  A federal habeas court may issue the writ under the "contrary to" clause if the state

court applies a rule different from the governing law set forth in controlling cases, or if it

decides a case differently than the Supreme Court has done on a set of materially

indistinguishable facts.  *Id.* at 405-06.  A federal habeas court may grant relief under the

"unreasonable application" clause if the state court correctly identifies the governing legal

principle from Supreme Court decisions but unreasonably applies it to the facts of the

particular case.  *Id.* at 407-08.  Factual determinations made by the state "shall be

presumed to be correct," and "[t]he applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Before a Petitioner can obtain relief under § 2254, he must first clear a series of

procedural hurdles.  For example, a state prisoner must exhaust his state court remedies

by "present[ing] his claim to the state's highest court" before a federal court can grant relief

on the merits of a claim.[1] *Mahdi v. Stirling*, 20 F.4th 846, 892 (4th Cir. 2021); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Thus, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001) (en banc); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Additionally, procedural default comes into play when a prisoner has failed to present a claim to the state courts at the appropriate time and has no means of doing so now. *Stewart v. Warden of Lieber Corr. Ins.*, 701 F. Supp. 2d 785, 790 (D.S.C. 2010). Federal courts may not consider a procedurally defaulted claim unless the prisoner shows either that he has cause for defaulting and that the alleged violation of federal law prejudice him, or that not addressing the claim would be a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

## II.    Petitioner's Motions to Strike

In her Report, the Magistrate Judge first addressed Goss's motion to strike and motion in limine related to testimony concerning a tip received by law enforcement shortly after the robbery (which led to Goss's arrest). (ECF No. 71 at 9-10.) After outlining the issue, the Magistrate Judge noted that Goss did not raise the issue in his PCR proceedings or his federal habeas petition, either as a stand-alone claim or an allegation of ineffective

---

[1] The exhaustion requirement exists to promote comity within our federal system. As the Supreme Court has explained:

> Because "it would be unseemly in our dual system of government for a federal district court to upstate  a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant on the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 399 U.S. 200, 204 (1950)).

8

assistance of counsel.  Thus, the Magistrate Judge explained that the testimony at issue "is an uncontested portion of the state court record and this Court must base its analysis on the record as it appeared before the PCR court."  (ECF No. 71 at 10.)  The Magistrate Judge also explained that the officer's testimony about the tip he received from Mr. Johnson was offered for the limited purpose of explaining why law enforcement investigated Petitioner.  In other words, it was not offered to prove that Goss was involved in the crime but instead to explain why officers compared Goss's fingerprints to those found at the scene and then obtained a warrant to search his house.  Accordingly, the Magistrate Judge denied both Petitioner's motion to strike and motion in limine.

In his second motion to strike, which also concerns the testimony related to the tip given to law enforcement by Mr. Johnson, Goss argues that Respondent has misrepresented the facts of the record, because the testimony concerning the tip does not identify Goss and his brother as "culprits."  (ECF No. 73 at 3-4.)

After review, the Court finds no basis to grant Petitioner's second motion to strike. First, the Court notes that the motion is untimely.  Second, the Court finds that Rule 12(f) of the Federal Rules of Civil Procedure does not warrant such relief.  Third, the Court notes that Petitioner's motion merely seeks to strike part of Respondent's arguments, not part of the record before the PCR court, and the Court ultimately finds no reason to strike Respondent's arguments when Petitioner has been free to present his contrary arguments throughout this proceeding.  Accordingly, the Court denies Petitioner's second motion to strike.  (ECF No. 73.)

### III.    The Magistrate Judge's Report and Petitioner's Objections

Turning back to the Magistrate Judge's Report, after denying Goss's motion to strike

and his motion in limine, the Magistrate Judge next considered whether Goss procedurally defaulted any of the three grounds for relief raised in his amended petition. The Magistrate Judge explained that Goss raised grounds one and two to the PCR court but the South Carolina Supreme Court dismissed Goss's PCR appeal when he failed to obtain counsel, as he was instructed to do. Accordingly, the Magistrate Judge found that Goss failed to properly present grounds one and two to the state's highest court and is now barred from doing so by state procedural rules. With respect to ground three, the Magistrate Judge explained that it challenges the sufficiency of the evidence and should have been raised on direct appeal but was not, and that although Goss presented the claim in one of his amended PCR applications, it was not raised at the PCR hearing and was not addressed in the order of dismissal. (ECF No. 71 at 11.) Accordingly, the Magistrate Judge also found ground three to be procedurally defaulted.

The Magistrate Judge next considered Goss's argument that the doctrine of procedural default does not apply because (1) he has a right to represent himself and cannot be forced to accept a state-appointed attorney against his will, (2) South Carolina does not have a procedural rule that makes counsel mandatory in a PCR appeal, and (3) to the extent that such a rule exists, it is not independent, adequate, or constitutional. (*Id.* at 11 (referencing ECF No. 55 at 13-20).) The Magistrate Judge also considered Goss's argument that cause and prejudice excuse any procedural default. (*Id.*)

Ultimately, the Magistrate Judge agreed with Goss that although he exhausted his claims, the claims were nevertheless procedurally barred because there is no federal right to self-representation on appeal. The Magistrate Judge explained that such a right is left to the states, and in South Carolina, "there is no state constitutional provision which confers

10

such a right," thereby leaving the courts with discretion over whether a party may proceed pro se. Accordingly, the Magistrate Judge found that the state court's requirement that Goss obtain counsel was not unconstitutional. (*Id.* at 11-12 (citing *State v. Roberts*, 614 S.E.2d 626, 629 (S.C. 2005).)

Even though the Magistrate Judge recommended that the Court grant Respondent's motion for summary judgment based on the procedural default of all three of Goss's grounds for relief, the Magistrate Judge **also** considered the merits of each ground. Ultimately, she determined that the PCR court applied the correct legal standards and based its decision on a reasonable interpretation of the facts when it found no deficiency with trial counsel's handling of the motion for directed verdict or his failure to object to the hand-of-one, hand-of-all charge (grounds one and two). (*Id.* at 15-17 (quoting ECF No. 48-11 at 23-24 and 27).) As to ground three—the alleged due process violation—the Magistrate Jude found no reason to question the sufficiency of the evidence against Goss and concluded that the evidence was enough to suggest guilt to a reasonable trier of fact. Accordingly, in addition to finding that Goss procedural defaulted his claims, the Magistrate Judge also found that the claims substantively lack merit.

In his objections, Goss first asserts that the Magistrate Judge "erroneously misrepresented" his argument. (ECF No. 75 at 2.) Goss states: "Petitioner <u>does not</u> argue that he has a constitutional right to represent himself in a PCR appeal. Rather, he argues he has a statutory right to such representation." (*Id.* (emphasis in original)) He further asserts that this statutory right derives from both state and federal statutes, citing S.C. Code § 45-5-80 and 28 U.S.C. § 1654. Goss argues that a litigant has a right to proceed pro se in South Carolina in a PCR matter, including on appeal, citing *Brooks v. S.C. Comm.*

11

*on Indigent Defense*, 419 S.C. 319, 797 S.E.2d 402 (2017); *Richardson v. State*, 377 S.C. 103, 659 S.E.2d 493 (2008); and *Odom v. State*, 337 S.C. 256, 523 S.E.2d 753 (1999). Goss further argues that the Magistrate Judge's reliance on *Martinez v. Court of Appeal of California*, 528 U.S. 152, 162-64 (2000), and *Roberts* is misplaced because those cases involved the direct appeals of a criminal cases and not the appeal of the denial of a PCR petition.  According to Goss, the Magistrate Judge failed to address his argument that the denial of his right to represent himself on his PCR appeal constituted a due process violation of his state and federal *statutory* rights to self-representation.  (ECF No. 75 at 4.) In essence, Goss argues that both the Magistrate Judge and the South Carolina Supreme Court misconstrued his argument as stating a constitutional violation rather than a statutory violation, and Goss contends that the South Carolina Supreme Court applied the wrong standard when it denied his motion to proceed pro se on his PCR appeal, because the correct standard was whether Goss made a knowing and intelligent waiver of his statutory right to appellate counsel.

Next, Goss asserts that the Magistrate Judge erred in finding all three of his grounds for relief procedurally defaulted.  (ECF No. 75 at 7.)  According to Goss, the Magistrate Judge considered only one of the reasons he presented to explain why the procedural default doctrine is either inapplicable or unconstitutional.  Petitioner states:

> (a) the report does not address whether the *Roberts*[ ] state procedural rule to obtain counsel in a PCR appeal (assuming this was the rule) is independent of federal law. . . .
>
> (b) the report does not address whether the *Roberts*[ ] state procedural rule is adequate. . . .
>
> (c) the report does not address whether the *Roberts*[ ] state procedural rule is facially constitutional because it violates petitioner's state and federal

statutory right to self-representation, amounting to a due process violation.
. . .

(d) the report does not address whether the *Roberts*[ ] state procedural rule
was unconstitutionally applied when petitioner was denied the opportunity to
contest the South Carolina Supreme Court's ruling denying his motion to
proceed pro se in his PCR appeal. . . .

(e) the report does not address whether the *Roberts*[ ] state procedural rule
is unconstitutional on its face, and as applied, because it denies petitioner
access to the court specifically for the purpose of habeas corpus. . . .

(f) the report does not address whether the *Roberts*[ ] state procedural rule
was unconstitutionally applied when petitioner was discriminated against
because of his poverty and denied meaningful access to the state's appellate
court system in violation of the Equal Protection Clause of the Fourteenth
Amendment. . . .

(g) . . . the magistrate's report does address petitioner's cause and prejudice
argument–although not thoroughly. . . . Furthermore, the magistrate judge did
not address petitioner's contention that the state process became unavailable
or ineffective to petitioner as a pro se litigant, when he was denied to proceed
pro se in his PCR appeal. . . .

(h) The magistrate Judge's report does address petitioner's actual innocence
claim. However, the magistrate erroneously found that petitioner's evidence
is not "new" for the purpose of an actual innocence claim because it was
considered by the PCR court.

(ECF No. 75 at 7-11.)

In his objections, Petitioner asserts that the Magistrate Judge erred in concluding

that the insufficiency-of-the-evidence claim (ground three) was not discussed at the

subsequent evidentiary hearing or in the PCR court's order and thus was not ruled on by

the state courts. According to Petitioner, the issue is intertwined with his ineffective

assistance of counsel claim because the sole legal predicate for his Sixth Amendment

ineffective assistance claim was that it caused a Fourteenth Amendment due process

violation. (*Id.* at 12.) Petitioner also takes issue with the Magistrate Judge's finding that

Petitioner offered no additional reasons to question the sufficiency of the evidence against him.  Instead, Petitioner asserts that the Magistrate Judge overlooked his true argument and improperly applied the *Jackson* standard.  According to Petitioner, the jury "could not have possibly" reached the conclusion that he was guilty "due to the missing link between the petitioner and his codefendant."  (*Id.* at 14.)

Goss also attached supplemental objections, wherein he contends that Respondent fails to meet its burden of proving the adequacy of the state's procedural rule in *Roberts*. (ECF No. 75-2 at 2.)  Stated plainly, Goss asserts that Respondent does not point to any other cases where the South Carolina Supreme Court or Court of Appeals actually applied *Roberts* to PCR appeals.

In addition, Goss again objects to the Magistrate Judge's finding that ground three was never ruled on by the state courts. (*Id.*  at 3.)  Furthermore, Goss again asserts that the Magistrate Judge erred in finding that although Petitioner did raise his due process claim in his amended PCR application (ground three), it was not discussed at the PCR hearing or in the PCR court's order. (*Id.* at 4-5.)

After a thorough review of all of Petitioner's objections, and a de novo review of the portions of the Report to which a specific objection was made, the Court finds that the Magistrate Judge fairly and accurately summarized this case and the applicable law.  As the Magistrate Judge explained, Goss filed a pro se appeal of the denial of his PCR application and a motion to proceed pro se on appeal.  (ECF No. 48-12.)  The South Carolina Supreme Court entered an order dated September 14, 2002, denying Goss's motion and citing *State v. Roberts*, 364 S.C. at 588.  (ECF No. 48-13.)  On September 19, 2022, the South Carolina Supreme Court sent Goss a letter reiterating that the court denied

14

his motion to proceed pro se and instructing him to submit the name of an attorney obtained to represent him or provide proof that he filled out and submitted an affidavit of indigency within 20 days.  (ECF No. 58-2.)  On October 24, 2022, the South Carolina Supreme Court entered an order dismissing Goss's PCR appeal because "Petitioner has failed to submit the name of an attorney or provide[ ] proof that he has filled out and submitted an affidavit of indigency with the Division of Appellate Defense, as required in the letter of September 19, 2022."  (ECF No. 48-16.)

Ultimately, the Court agrees with the Magistrate Judge that Goss failed to properly present his grounds to the state's highest court and is now barred from doing so by state procedural rules.  Furthermore, the Court agrees with the Magistrate Judge that the South Carolina Supreme Court's requirement that Goss obtain counsel to proceed with his PCR appeal did not violate any of Goss's state or federal *constitutional* rights.  *See also Smart v. Reynolds*, No. 8:08-cv-3918, 2009 WL 4808555 (D.S.C. 2009) (rejecting a petitioner's claim that the South Carolina Supreme Court's denial of his right to proceed pro se in his PCR appeal demonstrated cause for his procedural default of several issues, and citing *Martinez* and *Roberts* in support); *Moise v. Maryland*, 858 F. App'x 108 (4th Cir. 2021) (affirming the district court's dismissal of an access-to-courts claim filed pursuant to 42 U.S.C. § 1983 and stemming from a state post-conviction court's decision requiring Moise to litigate his post-conviction claims through counsel, noting that the Sixth Amendment right to self-representation does not extend beyond a defendant's criminal trial) (citing *Martinez*, 528 U.S. at 160); *Assa'ad-Faltas v. McMaster*, 2020 WL 7481739 ("Because Plaintiff challenges the South Carolina Supreme Court's order prohibiting her from representing herself as a civil plaintiff and on appeal, she has failed to allege violation of any federally

15

protected rights and this claim is subject to summary dismissal.").

Goss argues in his objections, however, that the Magistrate Judge misconstrued his claim because he does not allege a constitutional violation but rather a statutory violation, citing S.C. Code Ann. § 40-5-80 and 28 U.S.C. § 1654 in support. Section 40-5-80 provides that the chapter regulating the practice of law "may not be construed so as to prevent a citizen from prosecuting or defending his own cause, if he so desires." S.C. Code Ann. § 40-5-80. And § 1654 provides "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. However, as the Magistrate Judge explained, PCR is a state statutory mechanism constructed of discretionary state rules. *See Dennison v. State*, 371 S.C. 221, 639 S.E.2d 35, 35 (S.C. 2006) ("Unlike review of a conviction, which is by direct appeal and is a constitutional right, review of a decision in a PCR matter is discretionary by way of a writ of certiorari."); S.C. Code. Ann. § 17-27-100 ("A final judgment entered under this chapter *may* be reviewed by a writ of certiorari as provided by the South Carolina Appellate Court Rules.") (emphasis added).

Ultimately, after a thorough review of the relevant law, the Court agrees with the Magistrate Judge that the South Carolina Supreme Court had discretion to decline to permit Goss to proceed pro se in his PCR appeal, and to subsequently dismiss Goss's appeal when he failed to comply with the court's instructions. Thus, the Court agrees with the Magistrate Judge that Goss's claims were procedurally defaulted. *See Beard v.* Pruett, 134 F.3d 615, 619 (4th Cir. 1998) ("If a state court clearly and expressly bases its dismissal of a petitioner's claim on a procedural rule, and that procedural rule provides an independent

16

and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim.

*Nevertheless*, *even assuming Petitioner is correct* and can demonstrate cause and prejudice to excuse the procedural default (or otherwise show that not addressing the claims would amount to a fundamental miscarriage of justice), this does not mean Goss is entitled to relief. This is because, as previously explained, the Magistrate Judge also analyzed the merits of Petitioner's grounds in her Report.

Importantly, after a thorough review of Petitioner's objections and his supplemental objections, it does not appear that he specifically objects to the Magistrate Judge's substantive findings regarding grounds one and two. The Court notes that Goss is entitled to a de novo review of *only* those portions of the Report to which a specific objection is made; otherwise, the Court reviews the matter for clear error. Nevertheless, giving the Petitioner every benefit and reviewing the substantive merits of grounds one and two de novo, the Court finds no error in the Magistrate Judge's analysis and agrees that the PCR court applied the correct legal standards and based its decision on a reasonable interpretation of the facts before it when it analyzed these claims.

As the Magistrate Judge explained, a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-98 (1984). The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

17

defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95.

As the Magistrate Judge also noted, *Strickland* is highly deferential to counsel, and § 2254(d) is highly deferential to state courts. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, [ ] and when the two apply in tandem, review is 'doubly' so.") (citations omitted).

Here, the state PCR court found no deficiency in trial counsel's handling of the motion for directed verdict (ground one), concluding that there were clear factual issues for the jury to consider at the close of the State's case. After de novo review of the record before the PCR court, the Court finds that Goss has failed to demonstrate that the PCR court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of *Strickland*, or that it resulted in a decision that was based on an unreasonable determination of the facts. (*See* ECF No. 48-11 at 23-24.)

Likewise, with respect to counsel's decision not to object to the trial court's hand-of-one, hand-of-all charge (ground two), the PCR court found no deficiency on the part of trial

18

counsel nor any resulting prejudice, noting that the evidence supported the charge.  (*Id* at 27.)  Although Goss asserted below (and continues to assert in this action) that the State failed to prove its case under the hand-of-one, hand-of-all theory of accomplice liability, the Court finds Goss's arguments wholly unavailing, and the Court agrees with the Magistrate Judge that the PCR applied the correct legal standards and based its decision on a reasonable interpretation of the facts before it.  Accordingly, even assuming that Goss is excused from procedurally defaulting grounds one and two, the Court nevertheless finds that grounds one and two substantively lack merit.  Accordingly, for these reasons, the Court finds that Respondent is entitled to summary judgment with respect to grounds one and two.

Turning now to ground three, which challenges the sufficiency of the evidence, the Court agrees with the Magistrate Judge that Goss should have raised this claim on direct appeal but did not, and the PCR court does not specifically address this claim in its decision.  However, *again assuming that Petitioner is correct that this claim is not procedurally defaulted*, the Court nevertheless finds that Goss is not entitled to relief.

Here, contrary to grounds one and two, Goss *does* specifically object to the Magistrate Judge's findings as to the merits of ground three.  (ECF No. 75 at 13.)  In essence, Goss asserts that the Magistrate Judge failed to address his arguments fair and square and that the Magistrate Judge improperly applied the *Jackson* standard.  According to Goss, the State's evidence failed to connect him to Joy Mack, the principal in the crime, and this connection is key to the accomplice liability theory.  (*Id.*)

In her Report, the Magistrate Judge explained some of the evidence presented against Goss at trial:

> The evidence against Goss included testimony from the victim that five African American men entered the store together, where the victim was beaten and bound and merchandise was stolen. (Dkt. No. 48-1 at 1171-78.) Law enforcement received a tip that Goss was one of the men involved. (Dkt. No. 48-2 at 20-21.) Crime scene investigators found Goss's fingerprints on the store's door and testified the prints were so "wet" and fresh that they had to wait for them to dry before lifting them for analysis. (Dkt. No. 48-1 at 317-18.) When the police executed a search warrant at Goss's home, they found Goss hiding behind a washing machine. (*Id.* at 325.) They also found merchandise from the clothing store in the house and a pistol with the victim's DNA on it in a car parked outside the house. (Dkt. Nos. 48-1 at 316-28, 48-2 at 28, 61.)

(ECF No. 71 at 19.)

Ultimately, after de novo review, the Court has no difficulty in finding that sufficient evidence supported the jury's verdict, and Goss's insufficient-evidence claim fails on the merits. As such, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment with respect to ground three. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) ("[A] defendant is entitled to relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt.") (footnote omitted).

## CONCLUSION

Based on the foregoing, the Court denies Petitioner's second motion to strike (ECF No. 73); the Court overrules Petitioner's objections (ECF No. 75); the Court adopts the Magistrate Judge's Report (ECF No. 71); the Court grants Respondent's motion for summary judgment (ECF No. 49); and the Court denies Petitioner's cross-motion for summary judgment (ECF No. 55).

Lastly, the Court finds that the legal standard for the issuance of a certificate of

appealability has not been met.[2]  Therefore, a certificate of appealability is denied.

      **IT IS SO ORDERED.**

s/Bruce H. Hendricks
United States District Judge

February 27, 2024
Charleston, South Carolina

_____

[2] The governing law provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," and "[t]he certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."  28 U.S.C. § 2253(c)(2) and (3).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).